UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Terry Donald Davis, Jr., #197349, | ) | C/A No. 1:12-3056-JFA-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Rhonda McElveen; | ) | |
| Lisa H. Davenport; | ) | |
| Cheri L. Young; | ) | |
| Aimee J. Zmroczek; | ) | |
| Gregory Culp, Individual Capacity; | ) | |
| Barry Thompson; | ) | |
| Laura McCaan; | ) | |
| J. William Weeks; | ) | |
| Mary S. Williams; and | ) | |
| Rodney Pruitt, | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, Terry Donald Davis, Jr. ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Ridgeland Correctional Institution, a facility of the South Carolina Department of Corrections, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff makes various claims of wrongdoing against Defendants, individuals who played a role of some sort in his criminal and post-conviction proceedings.[2] Plaintiff seeks monetary damages, declaratory relief, and injunctive relief. ECF No. 18 at 6-7.

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A(a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

*Pro Se* and *In Forma Pauperis* Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990).

Background

In his initial Complaint, Plaintiff listed his issues as "fraud upon the Court, ineffective assistance of counsel, conspiracy, subject matter jurisdiction, illegal use of writing instrument, fraudulent document." ECF No. 1 at 2. According to the Amended Complaint, Plaintiff was charged with a warrant completed by Defendant Gregory Culp. Defendant Rodney Pruitt both investigated Plaintiff's case and was "in command" of Culp. ECF No. 18 at 3. Defendant Barry Thompson, an attorney, was assigned to represent Plaintiff, but failed to contact Plaintiff's wife (the victim of his crime), ignored statements by Plaintiff, and did not cross-examine Plaintiff's wife at trial. Both Thompson and Defendant Laura McCaan deceived Plaintiff into pleading guilty. *Id.* at 4.

Defendant Aimee J. Zmroczek was the attorney assigned to represent Plaintiff during his post-conviction relief ("PCR") proceedings. Defendant Mary S. Williams represented the State at the PCR hearing. Defendant J. Williams Weeks, an assistant solicitor with Barnwell County, attended the PCR hearing.

Plaintiff reviewed with Zmroczek the transcript of his October 5, 2010 hearing, but found errors. Prior to Plaintiff's PCR hearing, Zmroczek told him that "the judge would overturn [Plaintiff's] case" and it did not matter that the hearing transcript was wrong. *Id.* Plaintiff left the hearing with the conviction that "everything was stage[d]" and Zmroczek "intentionally" deceived him. *Id.*

Plaintiff contacted both Defendants Lisa H. Davenport and Cheri L. Young, court reporters, attempting to get copies of his transcripts. In a letter to Plaintiff, Davenport stated that she was "the official court reporter" for Plaintiff's hearings; she had another reporter, Cheri Young, type the

transcript of Plaintiff's October 5, 2010 hearing; and a copy of that transcript could be provided to Plaintiff, at a cost. *Id.* at 11. In a subsequent letter to Plaintiff, Young stated that she was unassigned on October 5, 2010, "and therefore would not be the court reporter that you would need to contact concerning the transcript of proceedings." *Id.* at 12. In a second letter, Young stated that she "would have no knowledge about" Plaintiff's October 5, 2010 hearing, but that she would provide him with the transcript from his January 25, 2012 hearing upon payment therefor. *Id.* at 13.

## Discussion

A.  42 U.S.C. § 1983

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49–50 (1999); *West v. Atkins*, 487 U.S. 42 (1988).

B.  *Heck v. Humphrey*

To the extent that Plaintiff seeks to recover for alleged constitutional violation(s) and/or wrongdoing that led to his convictions, his Complaint is subject to summary dismissal based on the decision of the United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994). A plaintiff

cannot recover damages on a § 1983 civil rights claim for allegedly unconstitutional conduct leading to a conviction without first having that conviction reversed, expunged, or called into question by a writ of habeas corpus:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486–87 (footnote omitted).[3] *Heck* also acts to bar Plaintiff's claims for injunctive relief. *See Mobley v. Tompkins*, 473 F. App'x 337, 337 (4th Cir. 2012) (citing *Heck* at 586–87; *Harvey v. Horan*, 278 F.3d 370, 375 (4th Cir. 2002), *abrogated on other grounds by Skinner v. Switzer*, ___

---

[3]Plaintiff may be attempting to assert a due process claim against the court reporter Defendants (Lisa Davenport and Cheri Young). To the extent that Plaintiff seeks to recover against these Defendants for alleged wrongdoing that led to his convictions, his Complaint is subject to summary dismissal under *Heck*. *See*, *e.g.*, *Mims v. Anderson*, 350 F. App'x 351, 352 (11th Cir.2009) (claim that court reporter failed to attach exhibits to trial transcript, "sabotag[ing]" constitutional right to appeal, pertained to validity of conviction under *Heck* ); *Rose v. Paterson*, 152 F. App'x 589 (9th Cir. 2005)(As any damages awarded for an inaccurate transcript of inmate's criminal proceedings would be measured by its effect on inmate's ability to challenge his criminal conviction on appeal, such a claim was barred under *Heck*); *Holmes v. Garcia*, 101 F.3d 697, 1996 WL 661136, *1 (5th Cir.1996) (unpublished per curiam )(claim that district attorney and court reporter altered statement of facts of criminal trial implicated validity of plaintiff's conviction under *Heck*); .

To the extent that he asserts claims for negligence against the reporter Defendants, his claims fail because negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 238-36 & n. 3 (1986); *Ruefly v. Landon*, 825 F.2d 792, 798-94 (4th Cir. 1987); *Pink v. Lester*, 52 F.3d 73, 78 (4th Cir. 1995).

U.S. ___, 131 S. Ct. 1289, 1298–1300, 179 L. Ed. 2d 233 (2011); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (per curiam)).[4]

C.  Lack of Factual Allegations

In addition to the above recitation, Plaintiff alleges that Defendant Culp "illegal[ly] used . . . [a] writing instrument to write a fabricate[d] warrant," thus violating Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution (*id*. at 6); and that Defendants Thompson, McCaan, Williams, Weeks, and Pruitt violated Plaintiff's Fifth, Sixth, and Fourteenth Amendment rights.

Federal Rule of Civil Procedure 8(a) requires that pleadings contain "short and plain statement[s]" of the basis for the court's jurisdiction and of the basis for a plaintiff's claims against the defendants. The United States Supreme Court has recently made clear that, under Federal Rule of Civil Procedure 8, a plaintiff in a civil action must do more than make mere conclusory statements to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.[5] *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at

---

[4]Although Plaintiff requests a preliminary and permanent injunction (ECF No. 18 at 7), he fails to specify what injunctive relief he seeks.

[5]Although the *Iqbal* Court was addressing pleading standards in the procedural context of a motion under Federal Rule of Civil Procedure 12(b)(6), the Court finds that those standards also apply in its initial screening of a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, since *Iqbal* discusses the general pleading standards of Rule 8, which apply in all civil actions. *Iqbal*, 556 U.S. at 677–80. Moreover, §§ 1915(e)(2) and 1915A(b) permit *sua sponte* dismissal of a complaint that fails to state a claim upon which relief can be granted, which is essentially the same standard found in Rule 12(b)(6). *See McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009) ("When the word 'dismissed' is coupled with the words '[for] fail[ure] to state a claim upon which relief may be granted,' the complete phrase has a well-established legal meaning.")(alterations in original).

6

570; *see also Skinner v. Switzer*, ___ U.S. ___, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011)(holding that a complaint requires a plausible short and plain statement of a claim, not an exposition of a plaintiff's legal argument).

Due to the lack of factual allegations of specific wrongdoing attributable to Defendants Culp, Thompson, McCaan, Williams, Weeks, and Pruitt, as to those Defendants, the Complaint is both frivolous and fails to state a claim on which relief may be granted. *See Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller*, 901 F.2d at 389 (dismissal proper where there were no allegations against defendants). It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for *pro se* litigants. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Gordon*, 574 F.2d at 1151. In the absence of substantive allegations of wrongdoing against these Defendants, there is nothing from which this Court can liberally construe any type of viable cause of action arising from the Complaint.

D. Immunities

    1. Prosecutorial Immunities

Plaintiff identifies Defendant Williams as "the attorney who represent[ed] the State at [his PCR] hearing," and Defendant Weeks as an assistant solicitor in Barnwell County who was also at that hearing. ECF No. 18 at 3. However, in addition to there being no claims against these Defendants (*see* section "C," *supra*), they are entitled to immunity from this suit.

In South Carolina, an Assistant Attorney General represents the State in a variety of circumstances, including PCR cases. In connection with any criminal or PCR action, an Assistant

Attorney General would be considered the prosecutor. Prosecutors have absolute immunity for their prosecution-related activities in or connected with judicial proceedings. Such protected activities include, but are not limited to, prosecutorial actions and decisions related to the prosecutor's participation in a criminal trial, bond hearings, grand jury proceedings, pre-trial motions hearings, and ancillary civil proceedings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991). It is well settled in this Circuit that prosecutors are absolutely immune from liability for damages based on their decisions about "'whether and when to prosecute,'" *Lyles v. Sparks*, 79 F.3d 372, 377 (4th Cir. 1996) (citation omitted), and whether or not to go forward with a prosecution, *see Springmen v. Williams*, 122 F.3d 211, 212–13 (4th Cir. 1997). It has also been held that prosecutorial immunity will extend to the direct appeal and the post-conviction case. *See Bruce v. Wade*, 537 F.2d 850, 852 (5th Cir. 1976) (attorney representing a government in a habeas corpus or post-conviction case has absolute prosecutorial immunity); *see also Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979) (prosecutorial immunity extends to appeals).

As to Defendant Weeks, in South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* S.C. Const. art. V, § 24; S.C. Code Ann. § 1-7-310 (1976). Solicitors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pretrial motions hearings. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (noting, "[W]e have held that absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence.") (internal citations omitted)); *see also Buckley*, 509 U.S. 259; *Burns*, 500 U.S. 478; *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000).

The Complaint implies that these Defendants somehow colluded with Defendants Thompson, McCaan, and Zmroczek to uphold Plaintiff's conviction. But to the extent Plaintiff's allegations concern the prosecution of his criminal case, such actions or activities would be intimately associated with their prosecutorial functions and, as such, Williams and Weeks are absolutely immune from Plaintiff's claims.

2. Quasi-Judicial Immunity

Plaintiff identifies Rhonda McElveen as "Head of the Clerk of Court at Barnwell County Court House. Which deal with filing of indictment, to putting thing on file." ECF No. 18 at 2 (errors in original). South Carolina's courts, including the Courts of General Sessions, are in a unified judicial system. *See* S.C. Const. art. V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."). South Carolina State Clerks of Court are part of the State of South Carolina's unified judicial system. "Persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer" are immune from suit for money damages under the doctrine known as quasi-judicial immunity. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994); *cf. Ingram v. Twp. of Deptford*, 858 F. Supp. 2d 386, 390–91 (D.N.J. 2012) ("Judicial immunity may extend to professionals who assist courts in their judicial function."). The Clerk's actions of which Plaintiff complains fall under the protection of quasi-judicial immunity. *Bush*, 38 F.3d at 847–48 ("It does not seem logical to grant immunity to a judge in making a judicial determination and then hold the official enforcing or relying on that determination liable for failing to question the judge's findings:); *see also Forrester v. White*, 484 U.S. 219, 229 (1988); *Tarter v. Hury*, 646 F.2d 1010,

1013 (5th Cir. 1981) (applying immunity to court clerks, including absolute immunity for "acts they are specifically required to do under court order or at a judge's direction"). Accordingly, Plaintiff's claim against Defendant McElveen cannot proceed.

E.  Supervisory Liability

Plaintiff is further barred from bringing suit against Defendant McElveen because she "is respon[s]ible for the court reporter." ECF No. 1 at 4. A claim based upon the doctrine of respondeat superior does not give rise to a § 1983 claim. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–94 (1978). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. As the *Iqbal* Court observed, because masters do not answer for the torts of their servants in § 1983 cases, "the term 'supervisory liability' is a misnomer." *Id.* at 677.

Even if the majority in *Iqbal* did not entirely dispense with the concept of liability of a supervisor in a § 1983 case, the instant Complaint fails entirely to plead facts sufficient to state a plausible claim under such a theory, based on Fourth Circuit precedent, against Defendant McElveen. *See Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir.), *cert. denied*, 513 U.S. 813 (1994) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates). A plaintiff must establish three elements to prevail under § 1983 on a theory of supervisory liability: (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit

authorization of the alleged offensive practices"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Id.* (citations omitted).

The Complaint here contains none of the required allegations. Plaintiff has not alleged that McElveen had any personal involvement in the alleged incidents. He has presented no evidence that this Defendant had actual or constructive knowledge that the court reporters were engaged in conduct that posed a "pervasive and unconstitutional risk" of injury to Plaintiff. Finally, Plaintiff has not shown any affirmative casual link between McElveen's action or inaction and Plaintiff's alleged injury. Thus, Plaintiff has not shown any basis for supervisory liability on the part of Defendant McElveen.

F. "Private Actors"

The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417 (6th Cir. 1996). Purely private conduct such as that alleged in this case against Defendants Zmroczek, Thompson, and McCaan, no matter how wrongful, injurious, fraudulent or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961).[6]

---

[6] *Burton* involved the Equal Protection Clause of the Fourteenth Amendment, not 42 U.S.C. § 1983. Federal courts have uniformly held that conduct which constitutes state action under the Fourteenth Amendment also constitutes action under color of state law, insofar as suits under 42 U.S.C. § 1983 are concerned. *West v. Atkins*, 487 U.S. 42, 48–49 (1988) (collecting cases).

Because the United States Constitution regulates only the government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action."  *See, e.g., Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982).  To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor."  *Lugar*, 457 U.S. at 937; *see also United States v. Int'l Bhd. of Teamsters*, 941 F.2d 1292 (2d Cir. 1991).

Although a private individual or corporation can act under color of state law, his, her or its actions must occur where the private individual or corporation is a willful participant in joint action with the State or with an agent of the State.  *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980).  Plaintiff cannot maintain a civil rights claim against Defendants Zmroczek, Thompson, and McCann —attorneys who represented Plaintiff—because they have not acted under color of state law.  "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."  *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981).  "Although lawyers are generally licensed by the States, 'they are not officials of government by virtue of being lawyers.'"  *Id.* at 319 n.9 (quoting *In re Griffiths*, 413 U.S. 717, 729 (1973)).  It is well settled that an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel.  *See Polk Cnty.*, 454 U.S. at 317–324 nn.8–16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154–1156 & nn.2–3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney).

G.  Declaratory Judgment

Plaintiff seeks a "declaration" that the various actions described herein constitute violations of his federal rights. "Declaratory judgments, however, are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct." *Johnson v. McCuskey*, 72 F. App'x 475, 477 (7th Cir. 2003) (citing *Bontkowski v. Smith*, 305 F.3d 757, 761 (7th Cir. 2002)). "Declaratory judgments are not meant simply to proclaim that one party is liable to another." *Id.* (citing *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1553–54 (Fed. Cir. 1994) (en banc) (concluding that the plaintiff's prayer for a "declaration" of a regulatory taking was "different from a formal declaration under the Declaratory Judgment Act")). Thus, to the extent Plaintiff seeks a declaration that Defendants' past behavior constituted a violation of his rights, Plaintiff is not entitled to such relief.

## Recommendation

Based on the foregoing, it is recommended that the Complaint be summarily dismissed, without prejudice and without issuance and service of process.

Joseph R. McCrorey
United States Magistrate Judge

April 15, 2013
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).