IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terry Donald Davis, Jr.  #197349, ) | C/A No.  1:12-3056-JFA-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | ORDER |
| ) | |
| Rhonda McElveen; Lisa H. Davenport; ) | |
| Cheri L. Young; Aimee J. Zmroczek; ) | |
| Gregory Culp, Individual Capacity; ) | |
| Barry Thompson; Lauran McCaan; ) | |
| J. William Weeks; Mary S. Williams; ) | |
| and Rodney Pruitt, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The *pro se* plaintiff, Terry Donald Davis, is a state inmate with the South Carolina Department of Corrections (SCDC). He brings this action pursuant to 42 U.S.C. § 1983[1] claiming various wrongdoings by the defendants involved his criminal and post-conviction proceedings in state court. The plaintiff seeks monetary damages, and declaratory and injunctive relief.

The Magistrate Judge assigned to this action[2] has prepared a Report and

---

[1] The plaintiff has filed this action *in forma pauperis* under 28 U.S.C. § 1915.

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

Recommendation and opines that the complaint should be dismissed.  The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation and he has timely done so.  The plaintiff's objections consist of a one-page pleading requesting permission to amend his complaint.

The Magistrate Judge correctly suggests that to the extent plaintiff seeks to recover damages and injunctive for alleged constitutional violations that led to his convictions, his complaint is subject to summary dismissal under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).

The Magistrate Judge also opines that the plaintiff had failed to set forth adequate factual allegations of specific wrongdoing attributable to defendants Culp, Thompson, McCaan, Williams, Weeks, and Pruitt.  The Magistrate Judge concludes that the complaint is both frivolous and fails to state a claim on which relief may be granted as to those defendants.

As to defendants Williams and Weeks, the Magistrate Judge suggests that there are no claims against these defendants and they are entitled to immunity from this suit. Likewise, defendant McElveen is immune from suit for money damages under the doctrine of quasi-judicial immunity and any claims based upon the doctrine of respondeat superior due not give rise to a § 1983 claim.

Additionally, the Magistrate Judge properly opines that purely private conduct such as that alleged in this case against defendant Zmroczek, Thompson, and McCaan, are not actionable under § 1983 or the Fourteenth Amendment.

Finally, the plaintiff is not entitled to a declaratory judgment that the defendants' alleged past behavior is a violation of his rights.

In his objection memorandum, the plaintiff requests that the court allow him leave to clarify his initial complaint. Applying the requisite liberal standard to the plaintiff's *pro se* objections, this court construes plaintiff's objections as a motion to amend his complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. Rule 15(a) declares that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a)(2). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Pittson Co. v. United States*, 199 F.3d 694, 705 (4th Cir. 1999). "In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.' " *Id*.; *see also Gordon v. Leeke*, 574 F.2d 1147, 1152–53 (4th Cir.1978) ("What might be a meritorious claim on the part of a pro se litigant unversed in the law should not be defeated without affording the pleader a reasonable opportunity to articulate his cause of action.").

3

In light of the liberal construction accorded to *pro se* pleadings, the court concludes that plaintiff's objections should be construed as a motion to amend the complaint, and should be granted as such.

After a careful review of the record, the applicable law, and in light of the this court's grant of the plaintiff's motion to amend his complaint, the court respectfully declines to adopt the Magistrate Judge's Report and Recommendation.

Accordingly, the plaintiff shall be granted leave to amend his complaint. Such amended complaint must be filed within thirty (30) days of the date of this order. The Clerk shall return this matter to Magistrate Judge for further proceedings.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
United States District Judge

September 11, 2013
Columbia, South Carolina