UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Terry Donald Davis, Jr.,   #197349, | ) | C/A No. 1:12-3056-JFA-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Lisa H. Davenport;<br>Cheri L. Young;<br>Aimee J. Zmroczek;<br>Megan Harrigan, | )<br>)<br>)<br>) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, Terry Donald Davis, Jr. ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Trenton Correctional Institution, a facility of the South Carolina Department of Corrections, and files this action *in forma pauperis* under 28 U.S.C. § 1915. This matter is before the Court for review of Plaintiff's amended complaint filed October 4, 2013. Plaintiff asserts various claims of wrongdoing against Defendants, individuals who allegedly played a role in his criminal and post-conviction proceedings.[2] Plaintiff seeks monetary damages, declaratory relief, and injunctive relief. ECF No. 28 at 2-3 .

---

[1] Pursuant to the provisions of  28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A(a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

### *Pro Se* **and** *In Forma Pauperis* **Review**

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990).

**Background**

In Plaintiff's initial complaint, filed on October 23, 2012, he listed his issues as "fraud upon the Court, ineffective assistance of counsel, conspiracy, subject matter jurisdiction, illegal use of writing instrument, fraudulent document." ECF No. 1 at 2. Plaintiff thereafter filed an amended complaint on December 10, 2012, and another amended complaint on January 22, 2013. ECF Nos. 13, 18. On April 15, 2013, the undersigned issued a Report and Recommendation ("Report") for summary dismissal of the case. ECF No. 22. Plaintiff filed objections to the Report on April 30, 2013, in which he requested that the Court allow him to correct the errors in his pleading. ECF No. 24. By order dated September 12, 2013, the Honorable Joseph F. Anderson, Jr. United States District Judge, gave Plaintiff the opportunity to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). ECF No. 26. On October 4, 2013, Plaintiff filed another amended complaint. ECF No. 28. The most recent complaint names three of the defendants addressed in the Report, and adds Defendant Megan Harrigan.

Defendant Aimee J. Zmroczek was the attorney assigned to represent Plaintiff during his post-conviction relief ("PCR") proceedings. ECF No. 28 at 2. Plaintiff alleges that, during his evidentiary hearing, Zmroczek introduced fabricated evidence "[b]y Court Reporter [Defendant] Cheri L. Young," namely, the transcript of record dated October 5, 2010. *Id.* Plaintiff later discovered that the court reporter on that date was Defendant Lisa H. Davenport. Zmroczek "was to attain the transcript from [Defendant] Megan Harrigan of the Attorney General['s] office." *Id.* Plaintiff's PCR application was denied and dismissed with prejudice.

In his earlier complaints, as set out in the Report,

> Plaintiff reviewed with Zmroczek the transcript of his October 5, 2010 hearing, but found errors. Prior to Plaintiff's PCR hearing, Zmroczek told him that "the judge

3

> would overturn [Plaintiff's] case" and it did not matter that the hearing transcript was wrong. [ECF No. 18 at 4.] Plaintiff left the hearing with the conviction that "everything was stage[d]" and Zmroczek "intentionally" deceived him. *Id.*

> Plaintiff contacted both Defendants Lisa H. Davenport and Cheri L. Young, court reporters, attempting to get copies of his transcripts. In a letter to Plaintiff, Davenport stated that she was "the official court reporter" for Plaintiff's hearings; she had another reporter, Cheri Young, type the transcript of Plaintiff's October 5, 2010 hearing; and a copy of that transcript could be provided to Plaintiff, at a cost. *Id.* at 11. In a subsequent letter to Plaintiff, Young stated that she was unassigned on October 5, 2010, "and therefore would not be the court reporter that you would need to contact concerning the transcript of proceedings." *Id.* at 12. In a second letter, Young stated that she "would have no knowledge about" Plaintiff's October 5, 2010 hearing, but that she would provide him with the transcript from his January 25, 2012 hearing upon payment therefor. *Id.* at 13.

ECF No. 22 at 3-4. Plaintiff now alleges "fraud upon the Court, conspiracy," and appears to complain that his constitutional rights to due process and equal protection of the law under the Fifth and Fourteenth Amendments were violated. ECF No. 28 at 1-2.

## **Discussion**

A. <u>42 U.S.C. § 1983</u>

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state

4

law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49–50 (1999); *West v. Atkins*, 487 U.S. 42 (1988).

    B. *Heck v. Humphrey*

To the extent that Plaintiff seeks to recover for alleged constitutional violation(s) and/or wrongdoing that led to his convictions or to the denial of his PCR application, his Complaint is subject to summary dismissal based on the decision of the United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994). A plaintiff cannot recover damages on a § 1983 civil rights claim for allegedly unconstitutional conduct leading to a conviction without first having that conviction reversed, expunged, or called into question by a writ of habeas corpus:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486–87 (footnote omitted).[3]

---

[3]Plaintiff may be attempting to assert a due process claim against the court reporter Defendants (Lisa Davenport and Cheri Young). To the extent that Plaintiff seeks to recover against these Defendants for alleged wrongdoing that led to his convictions or the denial of his PCR application, his Complaint is subject to summary dismissal under *Heck*. *See, e.g.*, *Mims v. Anderson*, 350 F. App'x 351, 352 (11th Cir. 2009) (claim that court reporter failed to attach exhibits to trial transcript, "sabotag[ing]" constitutional right to appeal, pertained to validity of conviction under *Heck*); *Rose v. Paterson*, 152 F. App'x 589 (9th Cir. 2005) (as any damages awarded for an inaccurate transcript of inmate's criminal proceedings would be measured by its effect on inmate's ability to challenge
(continued...)

*Heck* also acts to bar Plaintiff's claims for injunctive relief. *See Mobley v. Tompkins*, 473 F. App'x 337, 337 (4th Cir. 2012) (citing *Heck* at 586–87; *Harvey v. Horan*, 278 F.3d 370, 375 (4th Cir. 2002), *abrogated on other grounds by Skinner v. Switzer*, ___ U.S. ___, 131 S. Ct. 1289, 1298–1300, 179 L. Ed. 2d 233 (2011); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (per curiam)).

### C. Lack of Factual Allegations

As to Defendant Harrigan, Plaintiff states only that Defendant Zmroczek was supposed to get a transcript of his hearing from Harrigan. Federal Rule of Civil Procedure 8(a) requires that pleadings contain "short and plain statement[s]" of the basis for the court's jurisdiction and of the basis for a plaintiff's claims against the defendants. The United States Supreme Court has recently made clear that, under Federal Rule of Civil Procedure 8, a plaintiff in a civil action must do more than make mere conclusory statements to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.[4] *Iqbal*,

---

[3](...continued)
his criminal conviction on appeal, such a claim was barred under *Heck*); *Holmes v. Garcia*, 101 F.3d 697, 1996 WL 661136, at *1 (5th Cir. 1996) (unpublished per curiam) (claim that district attorney and court reporter altered statement of facts of criminal trial implicated validity of plaintiff's conviction under *Heck*).

To the extent that Plaintiff asserts claims for negligence against the reporter Defendants, his claims fail because negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 238-36 & n.3 (1986); *Ruefly v. Landon*, 825 F.2d 792, 798-94 (4th Cir. 1987); *Pink v. Lester*, 52 F.3d 73, 78 (4th Cir. 1995).

[4]Although the *Iqbal* court was addressing pleading standards in the procedural context of a motion under Federal Rule of Civil Procedure 12(b)(6), the Court finds that those standards also apply in its initial screening of a complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, since *Iqbal* discusses the general pleading standards of Rule 8, which apply in all civil actions. *Iqbal*, 556 U.S. at 677–80. Moreover, §§ 1915(e)(2) and 1915A(b) permit *sua sponte* dismissal of a complaint that fails to state a claim upon which relief can be granted, which is essentially the same standard found
(continued...)

556 U.S. at 678; *Twombly*, 550 U.S. at 570; *see also Skinner v. Switzer*, ___ U.S. ___, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011) (holding that a complaint requires a plausible short and plain statement of a claim, not an exposition of a plaintiff's legal argument).

Due to the lack of factual allegations of specific wrongdoing attributable to Defendant Harrigan, as to this Defendant, the Complaint is both frivolous and fails to state a claim on which relief may be granted. *See Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller*, 901 F.2d at 389 (dismissal proper where there were no allegations against defendants). It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for *pro se* litigants. *See Beaudett v City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Gordon*, 574 F.2d at 1151. In the absence of substantive allegations of wrongdoing against this Defendant, there is nothing from which this Court can liberally construe any type of viable cause of action arising from the Complaint.

D. "Private Actors"

The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417 (6th Cir. 1996). Purely private conduct such as that alleged in this case against Defendant Zmroczek, no matter how wrongful, injurious, fraudulent or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth

---

[4](...continued)
in Rule 12(b)(6). *See McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009) ("When the word 'dismissed' is coupled with the words '[for] fail[ure] to state a claim upon which relief may be granted,' the complete phrase has a well-established legal meaning.") (alterations in original).

Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961).[5] Because the United States Constitution regulates only the government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." *See, e.g., Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." *Lugar*, 457 U.S. at 937; *see also United States v. Int'l Bhd. of Teamsters*, 941 F.2d 1292 (2d Cir. 1991).

Although a private individual or corporation can act under color of state law, his, her or its actions must occur where the private individual or corporation is a willful participant in joint action with the State or with an agent of the State. *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980). Plaintiff cannot maintain a civil rights claim against Defendant Zmroczek—an attorney who represented Plaintiff—because she has not acted under color of state law. "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981). "Although lawyers are generally licensed by the States, 'they are not officials of government by virtue of being lawyers.'"

---

[5] *Burton* involved the Equal Protection Clause of the Fourteenth Amendment, not 42 U.S.C. § 1983. Federal courts have uniformly held that conduct which constitutes state action under the Fourteenth Amendment also constitutes action under color of state law, insofar as suits under 42 U.S.C. § 1983 are concerned. *West v. Atkins*, 487 U.S. 42, 48–49 (1988) (collecting cases).

*Id.* at 319 n.9 (quoting *In re Griffiths*, 413 U.S. 717, 729 (1973)).  It is well settled that an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel.  *See Polk Cnty.*, 454 U.S. at 317–24 nn.8–16 (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 & nn.2–3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney).

  E.  <u>Declaratory Judgment</u>

  Plaintiff asks that the Court "make knowing" that the various actions described herein constitute violations of his rights.  "Declaratory judgments, however, are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct."  *Johnson v. McCuskey*, 72 F. App'x 475, 477 (7th Cir. 2003) (citing *Bontkowski v. Smith*, 305 F.3d 757, 761 (7th Cir. 2002)).  "Declaratory judgments are not meant simply to proclaim that one party is liable to another."  *Id.* (citing *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1553–54 (Fed. Cir. 1994) (en banc) (concluding that the plaintiff's prayer for a "declaration" of a regulatory taking was "different from a formal declaration under the Declaratory Judgment Act")).  Thus, to the extent Plaintiff seeks a declaration that Defendants' past behavior constituted a violation of his rights, Plaintiff is not entitled to such relief.

## **Recommendation**

  Based on the foregoing, it is recommended that this action be summarily dismissed, without

prejudice and without issuance and service of process.

                                              _____
                                              Joseph R. McCrorey
                                              United States Magistrate Judge

November 8, 2013
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).