## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Terry Donald Davis, Jr., | ) | C/A No. 1:12-3056-JFA-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Lisa H. Davenport; Cheri L. Young; | ) | |
| Aimee J. Zmroczek; and Megan Harrigan, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Terry Donald Davis, is an inmate at the Trenton Correctional Institution of the South Carolina Department of Corrections. He brings this action under 42 U.S.C. § 1983 contending that the defendants have violated his rights in connection with his state criminal and post-conviction proceedings. He seeks monetary damages, declaratory relief, and injunctive relief.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that this action should be summarily dismissed. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on November 12, 2013. The plaintiff responded with a one-page pleading entitled "Objection and Recommendation." Therein, the plaintiff provides no specific objections to the Report. Instead, the plaintiff merely asks to court for leave to amend his complaint again. Notably, this court has previously allowed the plaintiff to file an amended complaint after the Magistrate Judge issued his first Report and Recommendation on April 15, 2013. In addition, the plaintiff had already filed two prior amended complaints on December 10, 2012, and January 22, 2013. Based on this court's finding that the plaintiff is entitled to no relief on the claims set forth in his most recent third amended complaint, the plaintiff's motion to amend his complaint for a fourth time is denied.

Further, in the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The Magistrate Judge opines that under the United States Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994), plaintiff's claim for damages for alleged constitutional violations and/or wrongdoings that led to his conviction or denial of his PCR application is barred where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been successfully challenged. The Supreme Court also extended the holding in *Heck* to a prisoner's claim for damages regarding loss of good time credits,

2

as the plaintiff contends here.  *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Muhammad v. Close*, 540 U.S. 749, 751 (2004).  Moreover, the plaintiff has not demonstrated that his institutional conviction has been reversed, expunged, or declared invalid by a state court, and no federal writ has been issued.  Thus, plaintiff's § 1983 due process claim is barred by the holdings of *Heck* and *Edwards*.

As to defendant Harrigan, a court reporter, plaintiff states only that defendant Zmroczek was supposed to get a transcript of his hearing from Harrigan.  The Magistrate Judge opines, and this court agrees, that plaintiff's conclusory statements fail to state a claim on which relief may be granted.  Thus, defendant Harrigan is dismissed from this action.

The Magistrate Judge next finds, and this court agrees, that defendant Zmroczek, plaintiff's former attorney, was not acting under color of law, and thus, a claim against her conduct is not actionable under Section 1983 or the Fourteenth Amendment.

With regard to the plaintiff's request for a declaratory judgment that defendants' past behavior constituted a violation of his rights, plaintiff is not entitled to relief.

After carefully reviewing the applicable laws, the record in this case, and the Report and Recommendation, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law.  The Report is adopted and incorporated herein by reference.

Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

December 27, 2013
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

4